[No. 3995.]

## THE PEOPLE EX REL. THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY v. PARKS.

1. APPELLATE PRACTICE—MOTION TO STRIKE BRIEF.

Only in extreme cases will a brief be stricken from the files on the ground that it is misleading or not confined to a discussion of the points in the case.

2. SAME.

A motion to strike a brief from the files on the ground that the counsel filing it has no authority to appear for the party, will not be passed upon in advance of a consideration of the merits of the issue where a determination of the motion to strike would involve a discussion of the merits of the questions at issue.

*Original Proceeding.*

*On Motion to Strike Brief of Relator.*

Mr. GEORGE R. ELDER, Mr. RALPH W. SMITH, Mr. CHARLES CAVENDER, Mr. DAVID M. CAMPBELL, attorney general, and Mr. CALVIN E. REED, for relator.

Mr. E. C. MILES and Mr. DANIEL E. PARKS, for respondent.

PER CURIAM. An information having been filed against the respondent, charging him with unprofessional conduct, a rule was entered requiring him to show cause why he should not be disbarred. In response to this rule, he has interposed a motion to quash the information, and has supported it by affidavits and brief. The relator has also filed a brief in answer to the propositions urged by respondent, in support of his motion to quash. This brief the latter moves to have stricken from the files, because it was not prepared or signed by parties having authority to appear on behalf of relator, and contains averments and insinuations wholly foreign to any issues involved in this proceeding, which have been injected for the purpose of scandal and abuse. This brief does not appear to have been prepared by either the attorney general, his assistant, or the county attorney of Lake county, but it appears from the evidence submitted, as well as the reply thereto, that its statements are not in any manner repudiated by those whose names are signed as counsel for the relator; but, on the contrary, they insist that what it contains is entirely within the legitimate scope of argument upon the questions raised by the motion to quash. Within reasonable bounds, it is certainly the province of counsel to determine for themselves the line of argument to be pursued in the presentation of causes, in which they may be engaged, and for the court to determine whether or not the questions argued are germane to the propositions involved when considering them upon their merits, so that it would be an extreme case in which a motion to strike a brief should be sustained upon the ground that it was misleading, or not confined to a discussion of the points in the case.

·The main question now to consider is, does the brief contain scandalous or impertinent statements, or has it gone beyond the domain of argument, in making statements regarding the respondent to such an extent as to warrant its being stricken from the files? We shall not attempt to quote any of its language, but content ourselves with suggesting that its force and effect would have been equally efficacious had

some of the remarks which refer to the respondent been left out. . Anything like vituperation is not argument, and is more likely to detract from the effect and force of one containing it, than otherwise; but we cannot say, after a careful examination and consideration of the brief thus attacked, in this case, that the rules which prohibit abuse or scandal from appearing in a brief have been transgressed, for it is barely possible that some of the language employed in the brief of respondent, in support of his motion to quash, may have provoked the line of argument of which he complains. It is not necessary to discuss this question further, and it will be dismissed with the suggestion that in the future conduct of this case, it will be far more agreeable if, in the discussion of either questions of law or fact, the counsel so doing confine themselves to the merits, and do not indulge in personalities, because of a hostile feeling which may exist between respondent and one whom it is claimed has instigated this proceeding.

The remaining question raised by the motion to strike, relative to the authority of counsel to appear on behalf of the relator, or in the case, as against respondent, would, to some extent at least, involve a discussion of the merits of the questions raised by the motion to quash, and for that reason will not be passed upon until that motion is heard and determined.

*Motion to strike brief denied.*